## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **VIAAS, INC.,**<br><br>　　　**Plaintiff,**<br><br>**v.**<br><br>**ANKER INNOVATIONS LTD., a/k/a FANTASIA TRADING LLC (EUFY),**<br><br>　　　**Defendant.** | **Civil Action No. 2:26-cv-00347**<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, VIAAS, Inc., ("VIAAS" or "Plaintiff"), files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,472,069 and U.S. Patent No. 8,558,888 ("the '888 patent") (referred to as the "Patents-in-Suit") by Defendant, Anker Innovations Ltd., ("Anker" or "Defendant").

### I.    THE PARTIES

1.   Plaintiff, VIAAS, Inc., is a Texas corporation located in Harris County, Texas.

2.   On information and belief, Defendant is a Chinese Company with a regular and establish place of business in Plano, Texas and at 800 W Campbell Rd, Richardson, Texas 75080, making venue proper in both the Eastern and Northern District of Texas. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in this District, through websites such as *https://eufy.com*, and otherwise directs infringing activities to this District in connection with its products and services. Defendant can be served with process through their

registered agent, JiDong Cen, 5350 Ontario Mills Pkwy., Suite 100, Ontario, California, 91764, at its place of business, or anywhere else it may be found.

3.  The defendant is, upon information and belief, licensed to do business and does business in the State of Texas.

## II.   JURISDICTION AND VENUE

4.  This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5.  This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6.  Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.   THE PATENTS-IN-SUIT

7.  On October 15, 2013, United States Patent No. 8,558,888 ("the '888 Patent"), entitled "Bandwidth shaping client to capture, transform, cache, and upload images from a remote point of

recordation to a network service" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '888 Patent claims patent-eligible subject matter and is valid and enforceable. VIAAS is the exclusive owner by assignment of all rights, title, and interest in the '888 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '888 Patent. Defendant is not licensed to the '888 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '888 patent whatsoever. A true and correct copy of the '888 patent is attached hereto as Exhibit A.

8.   The '888 patent describes a system that enables efficient video surveillance by capturing, processing, and transmitting data from security cameras installed at various points. The system comprises several interconnected circuits and components. The patent describes a specific, practical application of a surveillance system that involves various physical components (such as digital cameras, processors, storage devices) and processes (such as video compression, event detection, data encryption). The claims include specific methods for handling the challenges of transmitting large volumes of video data over potentially unreliable and low-bandwidth networks.

9.   On October 18, 2016, United States Patent No. 9,472,069 ("the '069 Patent"), entitled "Detecting, recording, encrypting and uploading representations of events of interest via a single point of recordation terminal (port)" was duly and legally issued by the USPTO. The '069 Patent claims patent-eligible subject matter and is valid and enforceable. VIAAS is the exclusive owner by assignment of all rights, title, and interest in the '069 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '069 Patent. Defendant is not licensed to the '069 Patent, either expressly

or implicitly, nor do they enjoy or benefit from any rights in or to the '069 patent whatsoever. A true and correct copy of the '069 patent is attached hereto as Exhibit C.

10. The '069 patent describes methods and apparatuses for detecting, recording, encrypting, and transmitting video or still images of events of interest using a Point of Recordation Terminal (PORT). The system is designed to work efficiently over networks, including low-bandwidth and unreliable connections, and ensures the secure transmission and storage of data.

11. The '888 Patent and the '069 Patent are referred to herein as the "Patents-in-Suit" or "Asserted Patents." The Patents-in-Suit involve the tangible transformation of video data from a raw captured state to a processed, compressed, and securely stored form. Additionally, the inventions address specific technical problems related to the management of video data transmission and storage, offering a concrete solution that goes beyond a mere idea or concept.

12. The functionality of the Patents-in-Suit is achieved through a combination of hardware (e.g., cameras, processors, storage devices) and software (e.g., motion detection algorithms, data compression techniques) that work together in a novel way to provide a reliable, secure, and efficient video surveillance system. Therefore, the patents are tied to a specific, real-world technological implementation.

13. Plaintiff VIAAS is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

**ACCUSED INSTRUMENTALITIES**

14.  The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Defendant's Eufy Camera system, (https://www.eufy.com/collections/security-camera?ref=footer) and its uses thereof by Defendant's customers. The charted method claims are directed towards the elements of

Defendant's Eufy Camera system that are used by Defendant's customers or in testing. Direct infringement of the method claims by Defendant is established because Defendant infringes vicariously by profiting from its customers use of the various Defendant's Eufy Camera system for generating and storing an asset from a Point of Recordation Terminal (PORT)). Stated another way, Defendant controls both the manner and timing of infringement. Defendant provides services, denoted as "Instant Notifications", *https://www.eufy.com/products/t86p2121?variant=43152752083130*, that its customers can use to practice the infringing methods. Defendant benefits from its customer's use by selling the equipment and further by providing service plans at various prices that allow its customers security protection by performing steps controlled by Defendant: https://us.eufy.com/pages/professional-monitoring-

service?ref=footer&_gl=1*phxgr8*_up*MQ..*_ga*ODk5NjgxNjMyLjE3Njk1NTI2MTM.*_ga_1CGR7JY0PG*czE3Njk1NTI2MTMkbzEkZzAkdDE3Njk1NTI2MTMkajYwJGwwJGgxNTkxMDIyMzc2JGRKamdSaXVqcXMzZW1hUTJZMTZnZjJYN2tIRS02RHdjMXZn*_ga_ZYCRP82RWS*czE3Njk1NTI2MTMkbzEkZzAkdDE3Njk1NTI2MTMkajYwJGwwJGgxNTg3NDQ4MjA5JGRralpJclhhX19FalBKR3R0cmZIRG10X2F2SC1hWUdleWd3.

15. Defendant further controls its customers performance of the claimed methods by providing installation instructions: *https://www.eufy.com/products/t86p2121?variant=43152752083130*.

16. Defendant further controls the nature and timing of infringement by requiring its customers to agree to certain Terms and Conditions: *https://www.eufy.com/policies/subscription-policy?_gl=1*x3v6p3*_up*MQ..*_ga*MTg0MjM0MzAwOS4xNzY4NDk1NzQ5*_ga_1CGR7JY0PG*czE3Njk1NTM1NTMkbzIkZzEkdDE3Njk1NTM3ODQkajI5JGwwJGgyMDc3ODA1ODAwJGRwZHlKMnBtUVNZUUhmY0ptLWtCaXBmNFM5VFUwT25pVEFB*_ga_ZYCRP82RWS*czE3*

*Njk1NTM1NTMkbzIkZzEkdDE3Njk1NTM3ODQkajI5JGwwJGgxNjgyMzQ5ODM1JGRYd3hUQ*

*0NXZll1aVpsU2NyQm8yWXBKNFNqdmVHYmVEZjJn*. Defendant requires its customers to agree

to minimum purchases to receive the benefits of the security system: *https://eufy.com*.

**COUNT I**
**INFRINGEMENT OF THE '888 PATENT**

17.  Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

18. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '888 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products. Infringement of the method claims is illustrated through Defendant's direction and control of its customers' performance of each method step, such that all steps of the method are attributable to Defendant, as illustrated in the Accused Instrumentalities section.

19. On information and belief, Defendant has made no attempt to design around the claims of the '888 Patent.

20. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '888 Patent were invalid.

21. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

22.  The claim chart attached hereto as Exhibit B describes how the elements of an exemplary claims 4 and 9 from the '888 Patent are infringed by the Accused Products.

23. The chart provides details regarding only one example of Defendant's infringement. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence

thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

24. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others ((e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, including through installation services of various Defendant's Eufy system such as to cause infringement of one or more of claims of the '888 patent, literally or under the doctrine of equivalents. Defendant's acts constituting induced infringement are explained herein, under Accused Instrumentalities. Moreover, Defendant has known of the '888 patent and the technology underlying it at least since the filing of this lawsuit. For clarity, direct infringement is previously alleged in this complaint.

25. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and methods related to security systems) such as to cause infringement of one or more of claims '888 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '888 patent and the technology underlying it at least since the filing of this lawsuit. For clarity, direct infringement is previously alleged in this complaint. The products and services are not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant's website, *https://eufy.com*, Defendant offers the products and/or services with instruction or advertisement that suggests an infringing use. Defendant's acts constituting contributory infringement are explained herein, under Accused Instrumentalities.

26. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '888 patent.

## COUNT II
## INFRINGEMENT OF THE '069 PATENT

27.  Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

28. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '069 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products. Infringement of the method claims is illustrated through Defendant's direction and control of its customers' performance of each method step, such that all steps of the method are attributable to Defendant, as illustrated in the Accused Instrumentalities section.

29. On information and belief, Defendant has made no attempt to design around the claims of the '069 Patent.

30. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '069 Patent were invalid.

31. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

32.  The claim chart attached hereto as Exhibit D describes how the elements of an exemplary claims 1 and 16 from the '069 Patent are infringed by the Accused Products.

33. The chart provides details regarding only one example of Defendant's infringement. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence

thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

34. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others ((e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, including through installation services of various Defendant's Eufy system such as to cause infringement of one or more of claims of the '069 patent, literally or under the doctrine of equivalents. Defendant's acts constituting induced infringement are explained herein, under Accused Instrumentalities. Moreover, Defendant has known of the '069 patent and the technology underlying it at least since the filing of this lawsuit. For clarity, direct infringement is previously alleged in this complaint.

35. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and methods related to security systems) such as to cause infringement of one or more of claims '069 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '069 patent and the technology underlying it at least since the filing of this lawsuit. For clarity, direct infringement is previously alleged in this complaint. The products and services are not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant's website, *https://eufy.com*, Defendant offers the products and/or services with instruction or advertisement that suggests an infringing use. Defendant's acts constituting contributory infringement are explained herein, under Accused Instrumentalities.

36. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '069 patent

## IV.    CONDITIONS PRECEDENT

37. For any prior settlement, the settling defendant was not licensed to make and sell infringing products in the future, thus the marking statute imposes no obligation on VIAAS to make an effort to require a prior settling defendant to mark the products VIAAS had accused of infringing its patents or any prior settling party is believed to be properly marking.

38. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

39. Plaintiff and its predecessors-in-interest have entered settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patent-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

40. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged

unmarked product does not practice the Patent-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

41. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus do not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

42. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

43. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## V.    JURY DEMAND

44. Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the '069 patent;

b.    enter judgment that Defendant has infringed the claims of the '888 patent;

c.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

d.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

e.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

f.    provided discovery reveals that Defendant knew (1) knew of the patents-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patents-in-suit; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patents-in-suit, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

g.    a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the

patents-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
446 Heights Blvd.
Houston, Texas 77007
(713) 426-3923 (telephone)
wramey@rameyfirm.com

***Attorneys for VIAAS, Inc.***